UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN GUERRIERO, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SONY ELECTRONICS INC.,<br><br>　　　　　　　　Defendant. | Case No.: 7:21-cv-02618 |

**MEMORANDUM OF LAW IN SUPPORT OF
SONY ELECTRONICS INC.'S MOTION TO COMPEL
INDIVIDUAL (NON-CLASS) ARBITRATION**

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
|     I.    THE ARBITRATION AGREEMENT AND CLASS ACTION WAIVER. | 1 |
|     II.    RELEVANT PROCEDURAL HISTORY. | 3 |
| ARGUMENT | 3 |
|     I.    STANDARD OF REVIEW. | 3 |
|     II.    THE PARTIES AGREED TO ARBITRATE PLAINTIFF'S CLAIMS. | 5 |
|         a.    Plaintiff's Dispute Falls within the Scope of the Arbitration Agreement. | 6 |
|     III.    THE CLASS ACTION WAIVER IS ENFORCEABLE. | 7 |
| CONCLUSION | 8 |

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*5556 Gasmer Mgmt. LLC v. Underwriters at Lloyd's, London*,
   463 F. Supp. 3d 785 (S.D. Tex. 2020) ..................................................................................6

*Abdullayeva v. Attending Homecare Servs. LLC*,
   928 F.3d 218 (2d Cir. 2019) ..................................................................................................4

*Andersen v. Walmart Stores, Inc.*,
   No. 16-CV-6488 CJS, 2017 WL 661188 (W.D.N.Y. Feb. 17, 2017) ....................................5

*AT&T Mobility LLC v. Concepcion*,
   131 S.Ct. 1740 (2011) .......................................................................................................3, 7

*Breckenridge Edison Dev., L.C. v. Sheraton Operating Corp.*,
   No. 13 CV 6804 VB, 2014 WL 4802885 (S.D.N.Y. Sept. 18, 2014) ....................................4

*Castellanos v. Raymours Furniture Co., Inc.*,
   291 F. Supp. 3d 294 (E.D.N.Y. 2018) ...................................................................................8

*Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*,
   58 F.3d 16 (2d Cir. 1995) ......................................................................................................7

*Cornelius v. Wells Fargo Bank, N.A.*,
   No. 19-CV-11043 (LJL), 2020 WL 1809324 (S.D.N.Y. Apr. 8, 2020) .................................7

*Doe #1 v. Coll. Bd.*,
   440 F. Supp. 3d 349 (S.D.N.Y. 2020) ...................................................................................7

*Horton v. Dow Jones & Co., Inc.*,
   No. 18 CIV. 4027 (LGS), 2019 WL 952314 (S.D.N.Y. Feb. 27, 2019) ................................7

*Int'l Talent Group, Inc. v. Copyright Mgmt., Inc.*,
   629 F.Supp. 587 (S.D.N.Y. 1986) .........................................................................................7

*Ipcon Collections LLC v. Costco Wholesale Corp.*,
   No. 7:10-CV-9012 VB, 2011 WL 3806255 (S.D.N.Y. Aug. 24, 2011) ................................4

*Jung v. Skadden, Arps, Slate, Meagher & Flom, LLP*,
   434 F. Supp. 2d 211 (S.D.N.Y. 2006) ...................................................................................4

*Katz v. Cellco P'ship*,
   794 F.3d 341 (2d Cir. 2015)...................................................................................................4

*Lockette v. Morgan Stanley*,
    No. 18-CV-876 (JGK), 2018 WL 4778920 (S.D.N.Y. Oct. 3, 2018)..........................................6

*Mallh v. Showtime Networks Inc.*,
    No. 17CV6549(DLC), 2017 WL 5157247 (S.D.N.Y. Nov. 7, 2017)..........................................6

*Ryan v. JPMorgan Chase & Co.*,
    924 F. Supp. 2d 559 (S.D.N.Y. 2013).......................................................................................4

*Sherr v. Dell, Inc.*,
    No. 05 CV 10097 (GBD), 2006 WL 2109436 (S.D.N.Y. July 27, 2006)..................................5

*Solis v. ZEP LLC*,
    No. 19CV4230 (JGK), 2020 WL 1439744 (S.D.N.Y. Mar. 24, 2020).......................................5

**Statutes**

9 U.S.C. § 4....................................................................................................................................3, 4

Defendant Sony Electronics Inc. ("Sony") submits this memorandum of law in support of its motion to compel individual (non-class) arbitration ("Motion to Compel").

## PRELIMINARY STATEMENT

Plaintiff John Guerriero brings this action against Sony asserting various claims arising out of a purported defect with Sony's a7iii camera. The subject camera, when delivered to Plaintiff, included a printed one-year limited warranty containing an arbitration agreement and class action waiver requiring arbitration on an individual basis for any disputes "related to the product." This quintessentially broad arbitration provision and the clear and unambiguous class action waiver are enforceable and mandates dismissal of Plaintiff's complaint in its entirety. Despite being put on notice that Sony intended to compel arbitration of Plaintiff's individual claims, Plaintiff refused to conserve judicial resources and voluntarily dismiss this action, citing "various reasons" which Plaintiff refused to specify. The law of this Circuit mandates dismissing Plaintiff's class claims in favor of individual arbitration.

## STATEMENT OF FACTS

**I.   The Arbitration Agreement and Class Action Waiver.**

As set forth in Plaintiff's Complaint, the claims in this action arise from Plaintiff's purchase of an a7iii camera manufactured by Sony. *See generally* Dkt. No. 1. Every camera box contains a one-year limited warranty ("Limited Warranty"), a copy of which is attached as Exhibit 1 to the Declaration of Roger Brewer ("Brewer Decl."). The Limited Warranty is also publicly available via Sony's product page for the a7iii camera. Brewer Decl. ¶ 5.

The Limited Warranty includes an arbitration agreement and class action waiver:

> **What Happens If We Have A Dispute:** Should a dispute or claim arise related to the product, Your purchase and/or use of the product, the terms of this Limited Warranty, or any service provided under the terms of this Limited Warranty (including any repair or replacement) ("Dispute"), You and Sony agree that the

1

**Dispute shall be resolved exclusively through binding arbitration. YOU UNDERSTAND AND ACKNOWLEDGE THAT BY AGREEMENT TO ARBITRATION, YOU ARE GIVING UP THE RIGHT TO LITIGATE OR PARTICIPATE AS A PARTY OR CLASS MEMBER) IN ANY DISPUTES IN COURT.  You also agree that ANY DISPUTE RESOLUTION PROCEEDING WILL ONLY CONSIDER YOUR INDIVIDUAL CLAIMS, AND BOTH PARTIES AGREE NOT TO HAVE ANY DISPUTE HEARD AS A CLASS ACTION, REPRESENTATIVE ACTION, CONSOLIDATED ACTION, OR PRIVATE ATTORNEY GENERAL ACTION.** Despite the above, You have the right to litigate any Dispute on an individual basis in small claims court or other similar court of limited jurisdiction, to the extent the amount at issue does not exceed $15,000, and as long as such court has proper jurisdiction and all other requirements (including the amount in controversy) are satisfied.

**Arbitration Instructions.** To begin Arbitration, either You or Sony must make a written demand to the other for arbitration. The Arbitration will take place before a single arbitrator. The arbitration will be administered in keeping with the Expedited Procedures of the Commercial Arbitration Rules and the Supplementary Proceedings for Consumer-Related disputes ("Rules") of the American Arbitration Association ("AAA"), when applicable and in effect when the claim is filed. You may get a copy of AAA's Rules by contacting AAA at (800) 778-7879 or visiting www.adr.org. The filing fees to begin and carry out arbitration will be shared between You and Sony, but in no event shall Your fees ever exceed the amount allowable by the special rules for Consumers Disputes provided for by AAA, at which point Sony will cover all additional administrative fees and expenses. This does not prohibit the Arbitrator from giving the winning party their fees and expenses of the arbitration when appropriate pursuant to the Rules. Unless you and Sony agree differently, the arbitration will take place in the county and state where You live, and applicable federal or state law shall govern the substance of any Dispute during the arbitration. However, the Federal Arbitration Act, 9 U.S.C. § 1, et seq. will govern the arbitration itself and not any state law on arbitration. The Arbitrator's decision will be binding and final, except for a limited right of appeal under the Federal Arbitration Act.

**Opt-Out Instructions. IF YOU DO NOT WISH TO BE BOUND BY THE BINDING ARBITRATION PROVISION, THEN:** (1) You must notify Sony in writing within 30 days of the date that You purchased the production; (2) Your written notification must be mailed to Sony Electronics, Inc., 16535 Via Esprillo, MZ 1105, San Diego CA 92127, Attn: Legal Department; AND (3) Your written notification must include (a) Your NAME, (b) Your ADDRESS, (c) the DATE You purchased the product, and (d) a clear statement that "YOU DO NOT WISH TO RESOLVE DISPUTES WITH ANY SONY ELECTRONICS ENTITY THROUGH ARBITRATION AND/OR BE BOUND BY THE CLASS ACTION WAIVER."

Opting out of this dispute resolution procedure will not affect the coverage of the Limited Warranty in any way, and You will continue to enjoy the benefits of the Limited Warranty.

Plaintiff allegedly purchased an a7iii camera in or around 2019. Compl. ¶ 45.[1] Plaintiff never opted out of arbitration or the class action waiver. Brewer Decl. ¶ 6.

## II.     Relevant Procedural History.

Plaintiff filed his Complaint on March 26, 2021. *See* Dkt. No. 1. Following service of the Complaint on Sony, on June 3, 2021, Sony sent Plaintiff a letter demand for arbitration citing the arbitration agreement and class action waiver and requesting Plaintiff voluntarily dismiss this action given the clear and explicit mandate of each provision, and in an effort to conserve judicial resources. *See* Declaration of Mark S. Melodia ("Melodia Decl.") Ex. 1. Plaintiff refused. *Id.* at Ex. 2.

## ARGUMENT

## I.     Standard of Review.

The Federal Arbitration Act ("FAA") reflects "both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745 (2011) (internal quotation marks and citations omitted). Pursuant to the FAA, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court[.]" 9 U.S.C. § 4. The court shall hear the parties, and:

> upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court *shall* make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

---

[1] Notably, Plaintiff does not explicitly assert that he personally sustained any injury arising from or experienced any of the alleged issues with the Camera. *See* Compl. ¶ 46 (asserting that "Plaintiff "and/**or** class members" experienced shutter failures) (emphasis added).

3

*Id.* (emphasis added); *see also Jung v. Skadden, Arps, Slate, Meagher & Flom, LLP*, 434 F. Supp. 2d 211, 214-15 (S.D.N.Y. 2006) ("The FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

In deciding whether a party may be compelled to arbitrate under the FAA, the Court considers (i) whether the parties agreed to arbitrate; and (ii) whether the scope of the arbitration clause covers plaintiff's claims. *Ipcon Collections LLC v. Costco Wholesale Corp.*, No. 7:10-CV-9012 VB, 2011 WL 3806255, at *3 (S.D.N.Y. Aug. 24, 2011) (Briccetti, J.), *aff'd*, 698 F.3d 58 (2d Cir. 2012). The party opposing arbitration bears the burden of proving that the claims at issue are not subject to arbitration. *Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559, 562 (S.D.N.Y. 2013) (Briccetti, J.) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Breckenridge Edison Dev., L.C. v. Sheraton Operating Corp.*, No. 13 CV 6804 VB, 2014 WL 4802885, at *2 (S.D.N.Y. Sept. 18, 2014) (Briccetti, J.) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

When all the claims involved in an action are arbitrable, the Court may dismiss the proceedings and, under the law of this Circuit, is required to stay the litigation only if a stay is requested. *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested."); *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 226 n.5 (2d Cir. 2019) (interpreting *Katz* to require stay only when a party requests such relief). Here, Sony does

not request a stay and instead requests that the Court dismiss this action given the clear and indisputable applicability of the arbitration agreement at issue.

## II.     The Parties Agreed to Arbitrate Plaintiff's Claims.

"Under New York law, the party seeking arbitration bears the burden of proving that a valid arbitration agreement exists, but need only prove the existence of a valid arbitration agreement by a preponderance of the evidence[.]" *Solis v. ZEP LLC*, No. 19CV4230 (JGK), 2020 WL 1439744, at *3 (S.D.N.Y. Mar. 24, 2020) (quoting *Kutluca v. PQ New York Inc.*, 266 F. Supp. 3d 691, 700-01 (S.D.N.Y. 2017)). "Thus, the party seeking arbitration must prove by a preponderance of the evidence that all the elements necessary to form a valid contract are met, namely 'offer, acceptance, consideration, mutual assent and intent to be bound.'" *Id.* (quoting *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004)). "Mutual assent requires, in turn, a meeting of the minds of the parties, and if there is no meeting of the minds on all essential terms, there is no contract." *Id.* (quoting *Prince of Peace Enters., Inc. v. Top Quality Food Mkt.*, 760 F. Supp. 2d 384, 397 (S.D.N.Y. 2011)).

Arbitration agreements that appear in the packaging of consumer products are enforceable. The Western District of New York's decision in *Andersen v. Walmart Stores, Inc.* is directly on point. In *Andersen*, a consumer purchased a laptop with an arbitration agreement printed on the product packaging. The court determined that the arbitration agreement was enforceable – even if plaintiff was unaware of the agreement until after the purchase was completed – because the plaintiff did not return the product and thus acted in a manner indicating his agreement with the arbitration provision. No. 16-CV-6488 CJS, 2017 WL 661188, at *7, 10. (W.D.N.Y. Feb. 17, 2017); *see also Sherr v. Dell, Inc.*, No. 05 CV 10097 (GBD), 2006 WL 2109436, at *2 (S.D.N.Y.

5

July 27, 2006) (arbitration agreement in laptop packaging enforceable under Texas contract law[2] and FAA).  The same principle applies here:  Sony provides a conspicuous and clear arbitration agreement in hard copy in each a7iii camera package.  Brewer Decl. ¶ 4.  Additionally, Sony makes the Limited Warranty publicly available through its product website for the a7iii camera, *see id.* at ¶ 5, which Plaintiff could have reviewed before ever purchasing the camera.  The same arbitration agreement and class action waiver have been included with all a7iii cameras distributed in the United States since the product launched in April 2018.  *Id.* at ¶ 6.

Sony also provided even *more* options for Plaintiff to avoid arbitration:  Plaintiff could have returned the product if he did not want to be bound by the arbitration agreement; he could have specifically opted out of the arbitration agreement by providing written notice to Sony; or he could have filed this action in small claims court.  *See Lockette v. Morgan Stanley*, No. 18-CV-876 (JGK), 2018 WL 4778920, at *4 (S.D.N.Y. Oct. 3, 2018) (enforcing arbitration agreement where plaintiff could have, but did not, opt out of arbitration); *Mallh v. Showtime Networks Inc.*, No. 17CV6549(DLC), 2017 WL 5157247, at *4 (S.D.N.Y. Nov. 7, 2017) (enforcing arbitration agreement including a small claims alternative option).  Plaintiff's failure to take *any* action to indicate his disagreement with the arbitration agreement requires a conclusion here that Plaintiff agreed to arbitrate.

        a.        **Plaintiff's Dispute Falls within the Scope of the Arbitration Agreement.**

The arbitration agreement here applies to all disputes "related to the product, Your purchase and/or use of the product, the terms of this Limited Warranty, or any service provided under the terms of this Limited Warranty (including any repair or replacement)."  Brewer Decl.

---

[2] There is no substantive conflict between Texas and New York contract law.  *See 5556 Gasmer Mgmt. LLC v. Underwriters at Lloyd's, London*, 463 F. Supp. 3d 785, 791 (S.D. Tex. 2020).

Ex. 1.  An arbitration clause covering "[a]ny claim or controversy arising out of or relating to th[e] agreement," is "the paradigm of a broad clause." *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995).  Moreover, "[a]n arbitration clause covering claims 'relating to' a contract is broader than a clause covering claims 'arising out of' a contract." *Int'l Talent Group, Inc. v. Copyright Mgmt., Inc.*, 629 F.Supp. 587, 592 (S.D.N.Y. 1986).

All of Plaintiff's claims "relate to the product."  Plaintiff alleges a purported defect in the a7iii camera, and each cause of action arises out of that alleged defect.  *See generally* Dkt. No. 1. As such, it is indisputable that Plaintiff's claims are within the scope of the arbitration agreement.

### III.     The Class Action Waiver Is Enforceable.

There is nothing distinctive or extraordinary about Sony's class action waiver provision that would render it unenforceable under the clear and unambiguous precedent set by the Supreme Court in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 S. Ct. 1740 (2011).  Following *Concepcion*, courts in this Circuit have repeatedly and unequivocally held that class action waivers are enforceable.  As explained in *Horton v. Dow Jones & Co., Inc.*:

> The Supreme Court has repeatedly held that class action waivers in arbitration agreements are enforceable.  *See, e.g., American Express*, 570 U.S. at 228 (holding that contractual waiver of class arbitration is enforceable under the FAA even when the cost of pursuing an individual arbitration claim exceeds potential recovery); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011) (holding that the FAA preempts a California judicial rule classifying collective-arbitration waivers in consumer contracts as unconscionable).  Similarly, under principles of New York contract law, "a contractual proscription against class actions . . . is neither unconscionable nor violative of public policy."  *Tsadilas v. Providian Nat'l Bank*, 786 N.Y.S.2d 478, 480 (1st Dep't 2004).

No. 18 CIV. 4027 (LGS), 2019 WL 952314, at *2 (S.D.N.Y. Feb. 27, 2019), *aff'd*, 804 Fed. App'x 81 (2d Cir. 2020); *see also, e.g., Doe #1 v. Coll. Bd.*, 440 F. Supp. 3d 349, 357 (S.D.N.Y. 2020) (enforcing class action waiver provision following same reasoning as decision to enforce arbitration agreement); *Cornelius v. Wells Fargo Bank, N.A.*, No. 19-CV-11043 (LJL), 2020 WL

1809324, at *8 (S.D.N.Y. Apr. 8, 2020) (compelling individual arbitration based on substantially similar language). Even if the Court were to determine that Sony's arbitration agreement is unenforceable, or not applicable to Plaintiff's claim (it is both enforceable and applicable), the class action waiver nevertheless is enforceable. *See Castellanos v. Raymours Furniture Co., Inc.*, 291 F. Supp. 3d 294, 302 (E.D.N.Y. 2018) (enforcing class action waiver even where provision of arbitration agreement was unenforceable).

The class action waiver here is clear and unambiguous. Moreover, it is distinctively highlighted in the arbitration agreement in bold, all capitalized language. Plaintiff may only proceed in arbitration, on his individual claims.

## CONCLUSION

For the reasons described herein, Sony's Motion to Compel should be granted, and this matter should be dismissed in favor of individual (non-class) arbitration.

Dated: August 16, 2021  /s *Mark S. Melodia*
New York, New York  Mark S. Melodia
 Qian (Sheila) Shen
 HOLLAND & KNIGHT LLP
 31 West 52nd Street
 New York, NY 10019
 mark.melodia@hklaw.com
 qian.shen@hklaw.com
 Tel: (212) 513-3200
 Fax: (212) 385-9010