```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHN GUERRIERO, individually and on behalf  :
of all others similarly situated,           :
                         Plaintiff,         :   OPINION AND ORDER
v.                                          :
                                            :   21 CV 2618 (VB)
SONY ELECTRONICS INC.,                      :
                         Defendant.         :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff John Guerriero brings this putative class action claiming that a type of digital camera manufactured by defendant Sony Electronics Inc. has a defective shutter.

Now pending is defendant's motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and strike the class allegations from the complaint. (Doc. #9).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(d)(2).

## BACKGROUND

Plaintiff resides in Yonkers, New York. He alleges defendant manufactures electronics, including the a7iii mirrorless digital camera (the "Camera").

Plaintiff alleges he purchased the Camera online in 2019. According to plaintiff, the Camera's shutter does not perform as promised and instead "fail[s] relatively frequently." (Doc. #1 ("Compl.") ¶ 26).

Defendant contends every Camera "is packaged in a box alongside a hard copy of a one-year limited warranty." (Doc. #10 ("Brewer Decl.") ¶ 4). According to defendant, the Limited Warranty includes the following mandatory arbitration clause and class action waiver:

1

> **For purchases made in the U.S.:  Read the following Dispute Resolution/Arbitration provision carefully.  It details Your rights and instructions should a dispute related to the product arise.**
>
> **What Happens If We Have A Dispute:**  Should a dispute or claim arise related to the product, Your purchase and/or use of the product, the terms of this Limited Warranty, or any service provided under the terms of this Limited Warranty (including any repair or replacement) ("Dispute"), You and Sony agree that the **Dispute shall be resolved exclusively through binding arbitration.  YOU UNDERSTAND AND ACKNOWLEDGE THAT BY AGREEING TO ARBITRATION, YOU ARE GIVING UP THE RIGHT TO LITIGATE (OR PARTICIPATE IN AS A PARTY OR CLASS MEMBER) IN ANY DISPUTES IN COURT.  You also agree that ANY DISPUTE RESOLUTION PROCEEDING WILL ONLY CONSIDER YOUR INDIVIDUAL CLAIMS, AND BOTH PARTIES AGREE NOT TO HAVE ANY DISPUTE HEARD AS A CLASS ACTION, REPRESENTATIVE ACTION, CONSOLIDATED ACTION, OR PRIVATE ATTORNEY GENERAL ACTION.**
>
> . . . .
>
> **Opt-Out Instructions.  IF YOU DO NOT WISH TO BE BOUND BY THE BINDING ARBITRATION PROVISION, THEN:**  (1) You must notify Sony in writing within 30 days of the date that You purchased the product; (2) Your written notification must be mailed to Sony Electronics Inc., 16535 Via Esprillo, MZ 1105, San Diego CA 92127, Attn:  Legal Department; AND (3) Your written notification must include (a) Your NAME, (b) Your ADDRESS, (c) the DATE You purchased the product, and (d) a clear statement that "YOU DO NOT WISH TO RESOLVE DISPUTES WITH ANY SONY ELECTRONICS ENTITY THROUGH ARBITRATION AND/OR BE BOUND BY THE CLASS ACTION WAIVER."  Opting out of this dispute resolution procedure will not affect the coverage of the Limited Warranty in any way, and You will continue to enjoy the benefits of the Limited Warranty.

(Doc. #10-1 ("Limited Warranty")).  Defendant contends the Limited Warranty is also available on its website.  (Brewer Decl. ¶ 5).

According to defendant, it has no record plaintiff opted out of the arbitration provision.  (Brewer Decl. ¶ 7).

Plaintiff commenced this putative class action on March 26, 2021, on behalf of all New Yorkers who purchased the Camera.  (Compl. ¶ 63).

2

Thereafter, defendant moved to compel arbitration in accordance with the Limited Warranty and strike the class allegations from the complaint.

## DISCUSSION

I.  Motion to Compel Arbitration

Defendant contends plaintiff agreed to arbitrate this dispute.

The Court agrees.

A.  Legal Standard

Pursuant to Section 4 of the FAA, parties may move the district court for an order compelling the parties to arbitrate a dispute as provided for in the parties' arbitration agreement. Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016).[1]

"The threshold question facing any court considering a motion to compel arbitration is . . . whether the parties have indeed agreed to arbitrate." Schnabel v. Trilegiant Corp., 697 F.3d 110, 118 (2d Cir. 2012). "[P]arties may not delegate to the arbitrator the fundamental question of whether they formed the agreement to arbitrate in the first place." Doctor's Assocs., Inc. v. Alemayehu, 934 F.3d 245, 251 (2d Cir. 2019).

In determining whether the parties agreed to arbitrate, federal courts "apply ordinary state-law principles that govern the formation of contracts." First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995). In making this determination, courts "apply a standard similar to that applicable for a motion for summary judgment." Meyer v. Uber Techs., Inc., 868 F.3d 66, 74 (2d Cir. 2017). That is, courts may "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

admissions on file, together with affidavits," and "must draw all reasonable inferences in favor of the non-moving party." Nicosia v. Amazon.com, Inc., 834 F.3d at 229.

"The party seeking to stay the case in favor of arbitration bears an initial burden of demonstrating that an agreement to arbitrate was made." Hines v. Overstock.com, Inc., 380 F. App'x 22, 24 (2d Cir. 2010) (summary order). "This burden does not require the moving party to show initially that the agreement would be enforceable, merely that one existed." Id. Once that is established, the burden shifts to the non-moving party to show there are factual disputes regarding the parties' agreement to arbitrate. See Oppenheimer & Co. v. Neidhardt, 56 F.3d 352, 358 (2d Cir. 1995). The party opposing arbitration "may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." Id. If that party raises a genuine issue of fact, the court must "proceed summarily to the trial thereof." 9 U.S.C. § 4.

If a court determines the parties agreed to arbitration, the litigation must be stayed. Nicosia v. Amazon.com, Inc., 834 F.3d at 229.

B.   Analysis

Here, defendant has demonstrated plaintiff agreed to arbitration.

Under New York law,[2] to prove the existence of an enforceable agreement, the moving party "must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." Kasowitz, Benson, Torres & Friedman, LLP v. Reade, 98 A.D.3d 403, 404 (1st Dep't 2012), aff'd, 20 N.Y.3d 1082 (2013).

---

[2]   Defendant contends, and plaintiff does not dispute, that New York law applies here. "[W]here the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry." Cargo Partner AG v. Albatrans Inc., 207 F. Supp. 2d 86, 93 (S.D.N.Y. 2002), aff'd, 352 F.3d 41 (2d Cir. 2003).

4

Mutual assent may be expressed "by word, act, or conduct which evinces the intention of the parties to contract." Minelli Constr. Co. v. Volmar Constr., Inc., 82 A.D.3d 720, 721 (2d Dep't 2011). For example, a party is bound by contract terms when "he is on inquiry notice of them and assents to them through conduct that a reasonable person would understand to constitute assent." Starke v. SquareTrade, Inc., 913 F.3d 279, 289 (2d Cir. 2019).

Whether an offeree is on inquiry notice of certain contract terms "often turns on whether the contract terms were presented to the offeree in a clear and conspicuous way." Starke v. SquareTrade, Inc., 913 F.3d at 289. In determining whether a contract term is presented clearly and conspicuously, courts have considered, for example, if the contract term is printed so small as to be unreadable or buried in a lengthy document. See Gildor v. U.S. Postal Serv., 179 F. App'x 756, 759–60 (2d Cir. 2006) (summary order) (collecting cases).

Defendant has demonstrated the arbitration provision was presented clearly and conspicuously to plaintiff. First, defendant offers evidence the Limited Warranty was mailed to plaintiff with the Camera. Second, the Limited Warranty is only one page long, in small—but not unreadable—type, and parts of the arbitration clause are bolded and in all capital letters. Together, this is sufficient to show plaintiff was on inquiry notice of the arbitration clause. See, e.g., Brower v. Gateway 2000, Inc., 246 A.D.2d 246, 248, 253 (1st Dep't 1998) (affirming enforcement of arbitration provision contained in four-page customer agreement, with uniform sized type, included in box with new merchandise).[3]

Defendant has also shown plaintiff assented to this term "through conduct that a reasonable person would understand to constitute assent." Starke v. SquareTrade, Inc., 913 F.3d

---

[3] In light of this conclusion, the Court does not reach the question of whether plaintiff was independently on inquiry notice of the arbitration provision because it was on defendant's website.

at 289.  That is, the arbitration provision provided plaintiff could opt out of mandatory arbitration in writing within thirty days, and plaintiff did not do so.  See, e.g., Brower v. Gateway 2000, Inc., 246 A.D.2d at 252.

Moreover, plaintiff has not raised any genuine dispute of fact with respect to whether he agreed to arbitration.  Plaintiff offers no evidence, by affidavit or otherwise, that he did not receive the Limited Warranty, did not realize the Limited Warranty contained an arbitration provision, or opted out of arbitration.  The rhetorical questions posed by plaintiff's counsel in his opposition brief are insufficient "to raise a genuine issue of fact for trial." Oppenheimer & Co. v. Neidhardt, 56 F.3d at 358; see, e.g., DuBois v. Macy's East Inc., 338 F. App'x 32, 33–34 (2d Cir. 2009) (summary order) (plaintiff's conclusory statements he opted out of a mandatory arbitration provision insufficient to defeat a motion to compel arbitration).

Accordingly, the motion to compel arbitration must be granted.

II.     Motion to Strike Class Allegations

Defendant further contends arbitration must proceed on an individual basis and the class action allegations must be struck from the complaint.

The Court agrees.

By assenting to the arbitration provision of the Limited Warranty, plaintiff also waived his right to participate in a class action.  (See Limited Warranty ("You also agree that ANY DISPUTE RESOLUTION PROCEEDING WILL ONLY CONSIDER YOUR INDIVIDUAL CLAIMS, AND BOTH PARTIES AGREE NOT TO HAVE ANY DISPUTE HEARD AS A CLASS ACTION, REPRESENTATIVE ACTION, CONSOLIDATED ACTION, OR PRIVATE ATTORNEY GENERAL ACTION.")).  Thus, the complaint's class allegations must be struck

and plaintiff must arbitrate this dispute on an individual basis. Castellanos v. Raymours Furniture Co., 291 F. Supp. 3d 294, 302 (E.D.N.Y. 2018).

Accordingly, the motion to strike must be granted.

## CONCLUSION

The motion to compel arbitration and strike the class allegations in the complaint is GRANTED.

The parties are ORDERED to arbitrate their dispute on an individual basis.

This action is STAYED pending arbitration.

The Clerk is instructed to terminate the motion. (Doc. #9).

The Clerk is further instructed to administratively close this case, without prejudice to either party moving by letter motion to reopen the case within thirty days of the conclusion of the arbitration proceedings.[4]

Dated: March 11, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[4] See Zimmerman v. UBS AG, 789 F. App'x 914, 915–16 (2d Cir. 2020) (summary order) ("The district court's administrative closure of the case does not constitute a final decision: there is no jurisdictional significance to a docket entry marking a case as 'closed,' which we will assume was made for administrative or statistical convenience.").